The opinion of the Court was delivered by
DARGAN, Ch.
The defendant, Edmund J. Felder, is one of the distributees of the late John M. Felder. And this is a creditors’ bill filed by the plaintiffs in behalf of themselves and other creditors of the said Edmund J. Felder for the purpose of subjecting his share of the estate of the intestate to the payment of their claims. On the first hearing of the cause, the *402 Court adjudged, that the creditors had no right to call the admistrators of John M. Felder to an account; but decreed, that the share of Edmund J. Felder in the lands and chattels of the intestate should he subject to the payment of his debts. And, thereupon, an order was made, that the Commissioner of the Court should publish a notice for creditors to present and prove their demands, and that the Commissioner should report thereon. The Commissioner has discharged this duty, and has submitted his report. In the Circuit Court the case came on for trial on this report, and exceptions thereto.
The debts reported by the Commissioner consist entirely of claims founded on judgments rendered in Autauga' County in the State of Alabama; principally in the years 1837 and 1888 ; one in the year 1839, and one in the year 1845. These judgments were for the most part against Felder and Bradford, (a mercantile firm doing business in Autauga County, in the State of Alabama, of which the said Edmund J. Felder was a member,) and some of them were against Edmund J. Felder individually.
The aggregate of the judgments without interest,- is about thirty-seven thousand dollars, and with interest it is about eighty thousand dollars. The Commissioner reported in favor of the allowance of interest at.the Alabama rate, which is eight per cent. The defendant, Edmund J. Felder, excepted to the report on various grounds, among which is the following, being his fourth: “ For that in and by the said report, the Commissioner has charged interest on the various judgments reported; whereas it is submitted that the said judgments do not bear interest at all; at least, not at the rate of eight per cent.” This exception was sustained by the Chancellor who tried the cause on the Circuit, to the extent that no interest whatever was recoverable on the judgments. This is an appeal from the Circuit decree on several grounds, of which it will only be necessary for me to consider the first, which imputes error to the Circuit decree for the disallowance of interest.
*403 At common law by the concurrence of all the authorities, interest was recoverable on a judgment im an action of debt in a Court of Law; though it is equally clear, that its payment could not be enforced except by an action. By our Act of Assembly of 1816, 6 Stat. 4, the interest which should accrue upon all judgments at law and decrees in equity, rendered upon interest bearing demands, from the time of the rendition of such judgments and decrees to the time of the payment of the same, was made recoverable by the execution issued in such cases, without judgment being rendered for such accruing interest, and w'ithout further suit or action. This is in derogation of the common law, and does not extend to cases where the judgments are not founded upon interest bearing demands. As all the judgments against Edmund J. Eelder presented and proved by his creditors^ are founded upon interest bearing demands, the question in this case would have been divested of all its difficulties, if the judgments had been rendered in the Courts of South Carolina. But they were rendered by the Courts of Alabama, in the County of Autauga, as I have before stated; and I apprehend, must ■ be regarded in our Court as foreign judgments. The States of this confederacy ■being sovereign and independent, the judgments and other judicial proceedings of one must be regarded in the sister States as the judgments and judicial proceedings of a foreign country. The provision in the Federal Constitution upon this subject, relates merely to the mode of authentication and proof.
But the comity of States, and a just regard to the rights of contracting parties, in many instances require that our Courts in adjudicating upon contracts made in foreign countries, should have regard to the laws of the country where the contracts were made, so far as said laws have a bearing upon such contracts. The lex loci contractus is often necessary to be considered as incorporated in the contract by implication, and thus becomes “part and parcel” of the contract. Among *404 cases falling within this category, are claims of interest arising by implication or express contract. It is clearly settled that our Courts will enforce the payment of interest according to the laws of the country where the contract was made. This principle has been invoked in favor of the plaintiffs; for it is said, that interest on judgments is recoverable in Alabama by a statute law of that State, similar to our Act of 1815; but still more favourable to the creditor ; for the Alabama Statute makes no distinction between judgments rendered on interest bearing, and non-interest bearing demands. From a collection of the Statutes of Alabama that was exhibited on the trial of this appeal, though I may not doubt that there is a law of Alabama giving interest on judgments; the difficulty of allowing to plaintiffs the benefit of this law arises from the fact that there was no proof on the Circuit trial, that such a statute of Alabama existed. When a party to any issue before our Courts, is desirous of availing himself of the benefit of any law or statute of a sister State, or of a foreign country, he must prove it as a matter of evidence, and as any other matter of fact is proved. The Court will take notice of no foreign law or custom that is'not brought to its notice and judicially established. There is no principle on which this case will depend, better established than this. The plaintiffs in this case can therefore have no benefit of the Alabama statute, allowing interest to be collected on judgments. The case must be adjudged by the laws of South Carolina — in other words, by the principles of the common law, there being no statute law of this State applicable to this circumstance of the ease.
Judgments upon non-interest bearing demands rendered in our own Courts, and foreign judgments, remain in South Carolina, as to this question of interest, as they did at common law. And the question may now be reduced to the form of an abstract proposition: is interest recoverable on such judgments according to the rules of the common law ?
I have already shown that interest cannot be recovered on *405 judgments 'without the institution of a new suit, except in the case provided for by the statute law. And I have shown that at common law interest may be recovered on judgments in an action of debt in a Court of law. And there is no difference in such a proceeding, whether the original cause of action hear interest or not. When it is said that interest on a judgment may be recovered in an action of debt on the judgment in a Court of law, I apprehend that the form of the expression apparently restricting the proceeding to the action of debt, arises from the fact that there is no other form of action in a Court of law, but the action of debt, in which a suit on a judgment may be maintained. But in that form of expression, I think a principle was intended to be asserted; and the right to recover interest is not to depend upon the form of the proceeding, but that it can be recovered in any form of judicial proceeding, upon which the principal of the judgment may be recovered. It has already been decided in this very case, that these judgment creditors of Edmund J. Felder are properly parties before the Court in this suit, for the recovery of their claims on these judgments. And the Court has awarded to them the principal sums due upon their judgments ; and I see no satisfactory reason why interest should be withheld.
Interest is recoverable upon all liquidated demands; upon bonds, notes, bills of exchange, and accounts stated. A judgment is a liquidated demand, though it be rendered in a foreign Court. A sum certain, a fixed time of payment, and the parties by whom, and to whom, payment is to-be made — these are the essentials of a liquidated demand; all of which belong to a judgment. Is there an exception to the rule,, that interest is recoverable on a liquidated demand?.
The order of the Court in this case called in all the creditors of Edmund J. Felder. If a creditor, whose demand was in a note of hand, or bill of exchange, had proved his claim, he doubtless would have been entitled to interest. None would have disputed it. Yet it would be inconsistent and absurd to *406 allow interest on a bill of exchange or promissory note, and not upon a judgment. Such a distinction would have no rational grounds of support.
The conclusion at which I arrive is, that the Circuit decree is erroneous in not allowing interest on the judgments of the plaintiffs. The opinion of the Court is, that the Circuit decree be modified, so that the plaintiffs be allowed to recover interest on the amounts for which their judgments were rendered, from the dates of their rendition respectively. And it is so ordered and decreed. The Court will not, at the present, determine the rate of interest. With some of the members of the Court, there is a doubt as to the rate of interest to be allowed.
It is ordered and decreed, that the case be referred back to the Commissioner, that he conform his report to this decree, and that he inquire and report whether the Alabama rate of interest, or if not the Alabama rate, what rate of interest is to be allowed on the claims of the judgment creditors against the said Edmund J. Eelder.
Johnston and WARDLAW, CC., concurred.

Decree modified.